[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a dissolution of marriage action commenced by the plaintiff's complaint dated January 27, 1994, with a return date of February 15, 1994. The defendant filed an answer and cross complaint on April 14, 1994. The plaintiff, Debra Shapiro, and the defendant, Michael Schwartz, were married on August 12, 1990, in New Milford, Connecticut. Both parties have been residents of this state for at least twelve months prior to the filing of this action. The plaintiff alleges the marriage has CT Page 1198-A broken down irretrievably, and the defendant alleges it has broken down due to the plaintiff's repeated intolerable cruelty. The plaintiff's maiden name is Shapiro. No children have been born to the parties as a result of this marriage. Neither party is now or ever has been the recipient of state assistance. The parties separated on November 11, 1993.
This is the second marriage for each party. Each party testified in this matter. The plaintiff has a Bachelor's Degree and a Master's Degree in Human Relations and Community Affairs. Presently, she has just assumed the position of Director of Public Assistance for the City of New Haven at a salary of approximately $58,000.00 annually. She held a similar with the City of Waterbury from 1988 until November 1994.
The defendant holds a Bachelor's Degree and a Master's Degree from Columbia University. Over the years, he has held various positions, including owning and operating a laundromat, working at the State Labor Department, selling insurance and working in the computer field. He recently took a computer course and now must pass an examination to earn his certification CT Page 1198-B relevant to said course. Presently, he is employed as a computer technician, at which job he works approximately 20 hours per week for a wage of $8.00 per hour.
The parties' assets as listed on their respective financial affidavits are basically the same as they were on the date of their marriage. The plaintiff owns a condominium on Perkins Avenue in Waterbury, Connecticut, which she purchased in approximately May 1988, for $82,500.00. The mortgage on that property is now approximately $64,175.00. That condominium was appraised on February 1, 1995 with a value of $32,00.00 [$32,000.00] (Exhibit I).
The defendant owns a home in Morris, Connecticut, which he values at $204,000.00, and on which there is no mortgage. He stated he inherited this property from his father's estate and that he has owned it since 1975. This is the home in which the parties lived during their marriage. In addition, the defendant owns a one-half interest in commercial property at 30 Pocano Road, Brookfield, Connecticut, which he values at $920,000.00, with a mortgage of approximately $340,000.00, leaving equity of CT Page 1198-C $580,000.00. The other one-half interest in this commercial property is owned by the defendant's brother. Thus, the defendant has equity in this building of $290,000.00.
During the marriage, the defendant paid no monies toward the upkeep of the plaintiff's aforesaid condominium. The parties' joint federal income tax returns for the years 1990, 1991 and 1992, as well as the plaintiff's 1993 tax return, were admitted into evidence as Exhibits A, B, C and D. Using the federal tax return for the years 1990, 1991 and 1992, the plaintiff earned approximately $147,170.00 during this period and the defendant approximately $44,263.00. When you add the $49,439.00 the plaintiff earned in 1993, the plaintiff earned approximately $196,609.00 for the years 1990, 1991, 1992 and 1993. The court does not know the amount of income the defendant earned in 1993. The plaintiff testified that in 1991, the parties had a federal tax refund of approximately $4,000.00. However, the government offset a $1,200.00 income tax bill the defendant owed for a previous year to it, and the refund was reduced to approximately $2,800.00. The defendant had a son from a previous marriage whom he raised since the child was CT Page 1198-D thirteen months old. That son was a student who lived with the parties during the marriage when he was not away at college. The plaintiff testified that the defendant would not cooperate with her to amend their 1991 federal tax so that the defendant would claim his son as a dependent and thus, allow the parties to get a further federal tax refund of $644.00 for that year.
The plaintiff testified that she contributed her income to help to pay the marital expenses which included paying taxes, insurance and bills relative to the home owned by the defendant and in which they lived. The plaintiff submitted cancelled checks totalling $11,005.53, which she alleged were paid by her on behalf of or for the benefit of the defendant (see Exhibits E1-E75 and Exhibit 1).
The defendant introduced exhibits to show that the plaintiff spent money quickly and unnecessarily. These exhibits were for charges to credit cards which the plaintiff owned. The court did not find that the plaintiff was a spendthrift or that she purchased items unnecessarily.
According to the respective financial affidavits of each CT Page 1198-E party, the plaintiff has total assets with a minus value of $1,601.00, and total liabilities of $4,090.00. The defendant's financial affidavit shows him to have assets with a value of $517,356.00, and total liabilities of $4,975.00. (This is using the net value of his ownership interest in the commercial building at 30 Pocano Road, Brookfield, Connecticut, when you subtract the mortgage owed from the value of the building.)
After hearing the evidence, the court grants the parties a dissolution of marriage on the grounds of irretrievable breakdown.
The court orders that the plaintiff shall have exclusive title and interest in and to the premises at 308 Perkins Avenue, Waterbury, Connecticut, and shall hold the defendant harmless from all obligations associated with this property.
The court orders that the defendant shall have exclusive right, title and interest in and to the premises at 80 Island Trail, Morris, Connecticut, and 30 Pocano Road, Brookfield, Connecticut, and shall hold the plaintiff harmless from all CT Page 1198-F obligations associated with these properties.
The court orders that the defendant shall be entitled to all the furniture, furnishings and personal property presently in his possession.
The court orders that the plaintiff shall be entitled to all the furniture, furnishings and personal property presently in her possession.
The court orders that the plaintiff shall be exclusively entitled to her Fidelity I.R.A. and City of Waterbury pension plan.
The court orders that the plaintiff shall be exclusively entitled to the 1989 Toyota Corolla automobile and shall assume and hold the defendant harmless from any and all obligations associated therewith.
The court orders that the defendant shall be exclusively entitled to the 1989 Plymouth Colt and shall assume and hold the CT Page 1198-G plaintiff harmless from any and all obligations associated therewith.
The court orders that each party shall assume and hold the other harmless from all the liabilities set forth on their respective financial affidavits filed with the court on February 2, 1995.
The court orders that neither party shall pay periodic alimony to the other.
The court orders that each party is exclusively entitled to all bank accounts held individually by either of them.
The court orders that the defendant shall be exclusively entitled to all the shares of stock in his name.
The court orders that the defendant to pay the plaintiff the lump sum alimony of $20,000.00 within ninety (90) days of this date.
The court also orders that the defendant to pay to the CT Page 1198-H plaintiff's attorney the sum of $3,000.00, for attorney's fees the plaintiff has incurred in this matter, within ninety (90) days of this date.
Judgment may enter accordingly.
WILLIAM J. SULLIVAN, J.